# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE KEALOHA WONG, | No. 2:16-CV-2569-DMC-P |
| Petitioner, | |
| v. | ORDER |
| J. SALAZAR, | |
| Respondent. | |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On December 7, 2018, the court noted all parties had not consented to Magistrate Judge jurisdiction and directed the Clerk of the Court to assign a District Judge. That order was issued in error. A further review of the docket reflects all parties have consented to Magistrate Judge jurisdiction. See Docs. 3 and 5. The December 7, 2018, order will be vacated. This matter is properly before the undersigned as the presiding judge pursuant to 28 U.S.C. § 636(c).

On September 11, 2018, mail directed to petitioner was returned by the United States Postal Service as undeliverable. Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se must file and serve a notice of change of address within 63 days of mail being returned. To date, more than 63 days have elapsed since mail was returned and petitioner has not notified the court of a change of address.

1

| | |
|---|---|
| 1 | The court must weigh five factors before imposing the harsh sanction of dismissal. |
| 2 | See <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v. U.S. Postal |
| 3 | Service</u>, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's interest in |
| 4 | expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of |
| 5 | prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; |
| 6 | and (5) the availability of less drastic sanctions.  <u>See</u> <u>id.</u>; see also <u>Ghazali v. Moran</u>, 46 F.3d 52, |
| 7 | 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate |
| 8 | sanction is considered a less drastic alternative sufficient to satisfy the last factor.  <u>See</u> <u>Malone</u>, |
| 9 | 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where |
| 10 | there has been unreasonable delay.  <u>See</u> <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. |
| 11 | 1986).  Dismissal has also been held to be an appropriate sanction for failure to inform the district |
| 12 | court and parties of a change of address pursuant to local rules.  <u>See</u> <u>Carey v. King</u>, 856 F.2d |
| 13 | 1439, 1440-41 (9th Cir. 1988) (per curiam). |

Having considered these factors, and in light of petitioner's failure to submit a notice of change of address, the court finds that dismissal of this action is appropriate.

Accordingly, IT IS HEREBY ORDRED that:

1. The December 7, 2018, order directing the Clerk of the Court to assign a District Judge is vacated as having been issued in error;

2. This matter is properly before the undersigned as the presiding judge pursuant to the written consent of all parties;

3. This action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  January 16, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE